CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 3 1 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RONNIE JAMES REDDICK, ) | |
|     Petitioner, ) | Civil Action No. 7:05-cv-00498 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DIRECTOR, VDOC, ) | By: Hon. James C. Turk |
|     Respondent. ) | Senior United States District Judge |

    Petitioner Ronnie James Reddick, proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. In his petition, Reddick challenges the 2003 judgment of the Circuit Court for the City of Danville, convicting and sentencing him for robbery and use of a firearm in the commission of a felony. The court notified Reddick that his petition appeared to be untimely and gave him an opportunity to proffer additional evidence on the issue of timeliness. He has responded. Upon review of his submissions, however, the court finds that the petition must be dismissed as untimely under the one-year statute of limitations now applicable to §2254 petitions. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA).

    The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277

1

F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

Reddick was convicted on June 3, 2002, in the Circuit Court for the City of Danville of robbery and use of a firearm in the commission of a felony. The court sentenced him on July 8, 2002 to twenty years imprisonment on these offenses. Reddick appealed. The Court of Appeals of Virginia denied his appeal on April 16, 2003, and on October 3, 2003, the Supreme Court of Virginia refused his subsequent petition for appeal to that court. Reddick filed a state habeas petition in the Supreme Court of Virginia on October 15, 2004. That court dismissed the petition by order of April 12, 2005. Reddick executed his federal petition on July 19, 2005 and mailed it to the United States District Court for the Eastern District of Virginia. That court forwarded the petition here, as the court that issued the judgment under challenge is located within this district. Reddick alleges the following grounds for relief under § 2254:

(a) The commonwealth's evidence was insufficient;

(b) Counsel failed to object to the prosecutor's closing arguments that included issues never established at trial;

(c) Counsel was ineffective for failing to file a timely motion regarding disclosure of material, favorable evidence.

(d) Counsel was ineffective in failing to move for suppression of Mr. and Mrs. Ounsi's in-court identification of the defendant.

Reddick's petition is clearly untimely under § 2244(d)(1)(A). A conviction becomes final once the availability of appeal is exhausted and the time for filing a petition for writ of certiorari in the United States Supreme Court has expired. See United States v. Clay, 537 U.S. 522 (2003). As stated, the Supreme Court of Virginia denied Reddick's appeal on October 3, 2003. His conviction became final on or about January 2, 2004, when the time for him to submit

2

a petition for certiorari in the United States Supreme Court expired, see 28 U.S.C. §2101(c), and his federal statutory period began to run on that date.

The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. §2244(d)(2). Thus, the federal clock stopped on October 15, 2004, when Reddick filed his state habeas petition. At that point, 287 days of the filing period had elapsed. Upon dismissal of the state habeas petition on April 12, 2005, the federal clock again ticked. When Reddick executed his § 2254 petition on July 19, 2005, a total of 385 days had elapsed, making his petition twenty days too late.[1]

Subsections C and D of Section § 2244(d)(1) clearly do not apply to Reddick's case. None of his claims rely upon a constitutional right newly recognized by the United States Supreme Court. Moreover, he clearly knew the facts necessary to support his claims at the time of the trial. Reddick asserts that prison authorities interfered to some degree with his mailing of the petition after he executed it on July 15, 2005. As shown, however, the petition was already twenty days late by then. Accordingly, Reddick has no ground for invoking § 2244(d)(1)(B). Finally Reddick offers no ground upon which he is entitled to equitable tolling of the federal clock. See Harris, 209 F.3d at 330 (equitable tolling is proper only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result").

As it is clear from the face of petitioner's submissions that his § 2254 claims are untimely filed under all subsections of § 2244(d) and he fails to present any grounds for equitable tolling,

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1989), for purposes of the statute of limitations, the court considers July 19, 2005, the date on which Reddick executed his petition and delivered it to prison authorities for mailing, as the date on which he filed it.

the court will summarily dismiss his petition, pursuant to Rule 4 of the Rules Governing §2254 Proceedings. This rule allows a judge to dismiss a habeas petition if it is clear from the face of the petition that the petitioner is not entitled to relief. An appropriate order shall be entered this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 28th day of October, 2005.

/s/ James C. Turk
Senior United States District Judge